## Casey *v.* Wisconsin & Arkansas Lumber Company.

### Opinion delivered March 8, 1920.

1. APPEAL AND ERROR—PHOTOGRAPH AS EVIDENCE—HARMLESS ERROR.
—In an action by a servant for injuries from a small saw on a planer alleged to have been concealed under sawdust and shavings, admission in evidence of a photograph of the machine after the injury, without the sawdust and shavings on it, was harmless to plaintiff where the trial court stated that the jury should not consider the photograph to show whether or not the saw was covered at the time of the injury.

2. MASTER AND SERVANT—CONDITION OF MACHINERY AFTER ACCIDENT.
—In such action the testimony of a clean-up man that, at a time subsequent to the injury complained of, the saw was covered with sawdust and shavings, so that it could not be seen, was incompetent where the witness did not show that he was put to work at the saw immediately after plaintiff was injured.

3. TRIAL—REBUTTING EVIDENCE.—It was not error to reject evidence first offered in rebuttal which should have been offered in chief where no excuse is offered for failure to offer it at the proper time.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*D. D. Glover,* for appellant.

The photograph taken two months after the injury was not admissible in evidence. 48 Ark. 460; 118 *Id.* 50.

The court erred in excluding the evidence of Keyton and Davis in rebuttal and the verdict is against the law and the testimony.

*T. D. Wynne* and *W. R. Donham,* for appellee.

1. The photograph was properly admitted in evidence. 73 Ark. 183; 80 *Id.* 528.

2. The testimony in rebuttal was properly excluded, as it was not competent. 116 Ark. 125; 121 *Id.* 233. The evidence was cumulative merely.

3. The appellant failed to abstract the record and the judgment should be affirmed.

HUMPHREYS, J. Appellant instituted suit against appellee in the Hot Spring Circuit Court to recover dam-

ages on account of an injury received to his hand while cleaning up shavings and sawdust in the rear of a planing machine in appellee's mill. The charge of negligence consisted in appellee allowing a small saw, attached on the back side of the planer, to become covered with sawdust and shavings, while being operated, so that it could not be seen by appellant, and in operating it without a sufficient shield or hood, or notification to appellant of its presence in the pile of sawdust and shavings.

Appellee filed an answer, denying the material allegations of negligence in appellant's complaint.

The proof offered by both appellant and appellee was directed to the issue of whether or not the small saw attached to the planer was concealed by sawdust and shavings piled around and upon it at the time appellant received his injury.

Appellee, over the objection and exception of appellant was permitted to introduce a photograph of the machine made subsequent to appellant's injury. This is assigned and insisted upon as reversible error. It is suggested that the photograph, made subsequent to the injury, was not a true representation of the machinery as it existed at the time the injury was inflicted. Tom E. McHenry, a witness, gave testimony to the effect that the photograph was a correct representation of the machinery as it existed at the time of the injury. It is said, however, that the photograph was prejudicial to appellant's cause of action, because made at a time when there was no sawdust or shavings around or upon it. The court guarded this point by stating to the jury that they should not consider the photograph other than to show the location, height and position of the saw, and should not regard it as evidence tending to show whether or not the saw was covered with shavings and sawdust at the time of the injury. Guarded in this way, we do not see how appellant's cause of action could have been prejudiced by the introduction of the photograph.

Appellant insists that the court erred in refusing the proffered testimony of Hosey Keyton and W. H. Davis in rebuttal, which offer is as follows: "The plaintiff (appellant) offers the testimony of Hosey Keyton, who is present and who has been under the rule and subpoenaed in this case, who would testify that he worked at the same machine at which Mr. Casey was hurt, as cleanup man, immediately after Mr. Casey was hurt and that the saw was covered entirely up and that the planing machine would not be running thirty minutes until it would be so covered that it was hidden from the view of anyone.

"That W. H. Davis is in attendance on court, subpoenaed and under rule and was employed as cleanup man after Mr. Casey was hurt, working with Cecil Davis. He was put with him to assist and instruct him as to his duties; and that Mr. Davis would testify that this machine on which Mr. Casey was hurt and the floor was covered in places to a depth of four or five feet and the saw at which Mr. Casey was hurt was completely covered up in sawdust and shavings so it could not be seen; that the blowpipe was in a defective condition, and the shavings and sawdust were flying thick and fast as testified by the plaintiff (appellant)."

The condition of the small saw upon which the injury was received, with reference to being covered or uncovered by the sawdust and shavings produced in the operation thereof, could not be determined by proof of whether covered or uncovered with sawdust and shavings at a subsequent time, for this condition depended entirely upon the operation thereof and how often or whether the shavings and sawdust produced by it had been cleaned up. For this reason, the offered testimony of W. H. Davis was not admissible. He did not pretend to say that he was put to work at that place immediately after appellant was injured. At the time his testimony relating to the same issue was offered in chief, he admitted that he went to work after the injury happened, but would not

say whether it was one or two days thereafter. Seemingly, for this reason, appellant's counsel withdrew the testimony of W. H. Davis in this respect offered as testimony in chief. It was not competent in the development of appellant's case in chief, and, for the same reason, not competent as evidence in rebuttal.

The proffered evidence of Hosey Keyton in rebuttal was clearly admissible, had it been offered in the development of appellant's case in chief, because he testified that he went to work as clean-up man around this particular machine immediately after appellant was hurt. While admissible in the development of appellant's case in chief, it was not necessarily admissible, in rebuttal. The offered evidence was responsive in the main issue joined in the pleadings as to whether or not the saw was covered with sawdust and shavings at the time the injury occurred. It was appellant's privilege to introduce Keyton's testimony in the development of his case in chief, and, having failed to do so without offering some good excuse for the failure, he could not insist upon the introduction of the testimony in rebuttal as a matter of right. This holding is in keeping with the rule announced in the case of *Bain* v. *Fort Smith Light & Traction Co.*, 116 Ark. 125.

No error appearing, the judgment is affirmed.